## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JASON BARROS, on behalf of himself and all
others similarly situated,

                    Plaintiff,

- against -

PASRICHA & PATEL, LLC, GARY S.
PASRICHA a.k.a. GURPREET S. PASRICHA
and SHEETAL A. PATEL

                    Defendants.

Civil Action No.

**COLLECTIVE ACTION
COMPLAINT**

**Jury Trial Demanded**

Plaintiff Jason Barros ("plaintiff") individually and on behalf of all others similarly
situated, through their undersigned attorneys, for their Collective Action Complaint against
defendants Pasricha & Patel, LLC, Gary S. Pasricha a.k.a. Gurpreet S. Pasricha ("Pasricha") and
Sheetal A. Patel ("Patel") (collectively "defendants" or the "firm") alleges upon actual
knowledge as to himself and, as to all other matters, alleges upon information and belief, as
follows:

## NATURE OF ACTION

1.      This collective action arises out of defendants' pervasive and repeated disregard
of federal labor laws during the course of plaintiff's employment as a paralegal for defendants.
Plaintiff brings this action pursuant to the federal Fair Labor Standards Act (the "FLSA"), 29
U.S.C. § 201, *et seq.,* for defendants' failure to pay plaintiff and others similarly situated all
wages due. Plaintiff seeks damages on his own behalf and on behalf of all other paralegals
employed by the firm.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

3.      Venue is proper in this district in the Newark vicinage pursuant to 28 U.S.C. § 1391(b)(1), as the firm and principal place of business is located at 1794 Oak Tree Road, Edison, New Jersey 08820, in the County of Middlesex, and it is where a substantial portion of the events giving rise to this action occurred.

4.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff Jason Barros is a resident of Roselle Park, New Jersey. He was hired by defendants about five years ago as a paralegal. He remains employed in that position.

6.      During his employment defendants suffered or permitted plaintiff to work in exchange for wages. During this period, and at all relevant times, plaintiff and those similarly situated had an employment relationship with, and were employees of, defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7.      Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. § 216(b). A copy of this consent is attached as Exhibit A.

8.      Pasricha & Patel, LLC, a law firm, is a domestic limited liability company. Pasricha is its managing member/managing partner and agent for service of process.

9.      Pasricha & Patel, LLC has been at all relevant times an employer and/or joint employer engaged in interstate commerce and/or production of goods for commerce with a gross revenue in excess of $500,000 within the meaning of the FLSA, 29 U.S.C. § 203(a)(d), (r) and

- 2 -

(s)(1)(A). Pasricha & Patel, LLC has been at all relevant times a person within the meaning of the FLSA, 29 U.S.C. § 203(a).

10. At all relevant times, plaintiff and others similarly situated were employees who engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207.

11. At all relevant times, defendants have had an annual gross business volume in excess of the FLSA statutory standard.

12. Defendant Pasricha is a resident of Middlesex County, New Jersey and at all relevant times has been an owner, co-owner, principal, shareholder, partner, member and managing member/partner of Pasricha & Patel, LLC.

13. At all relevant times Pasricha has acted directly or indirectly in the interest of the firm in relation to plaintiff and those similarly situated and has been an employer and/or joint employer of the plaintiff and those similarly situated within the meaning of the FLSA.

14. Pasricha is personally, individually, jointly and severally liable for the violations of the FLSA alleged herein.

15. Defendant Patel is a resident of Middlesex County, New Jersey and at all relevant times has been an owner, co-owner, principal, shareholder, partner and member of Pasricha & Patel, LLC.

16. At all relevant times Patel has acted directly or indirectly in the interest of the firm in relation to plaintiff and those similarly situated and has been an employer and/or joint employer of the plaintiff and those similarly situated within the meaning of the FLSA.

17. Patel is personally, individually, jointly and severally liable for the violations of the FLSA alleged herein.

- 3 -

18.     Pasricha and Patel, the named partners/members of the firm Pasricha & Patel, LLC, at all relevant times, each run, operate and control the firm and its day-to-day operations. They make decisions concerning all firm employment matters, including but not limited to hiring, firing, work assignments, supervision, promotions, compensation, work schedules, working hours, pay rates, pay methods, overtime policies and practices, and employee relations policies.

19.     At all relevant times Pasricha and Patel maintained and controlled the payroll, time and employment records for plaintiff and other paralegals employed by the firm and decided how, when and how much plaintiff and each paralegal will be paid.

## COLLECTIVE ALLEGATIONS

20.     At all relevant times a) plaintiff and those similarly situated performed work which simultaneously benefitted Pasricha & Patel, LLC, Pasricha and Patel; b) Pasricha & Patel, LLC, Pasricha and Patel acted directly or indirectly as employers in the interest of each other in relation to plaintiff and those similarly situated; c) Pasricha & Patel, LLC, Pasricha and Patel shared direct or indirect control of the terms and conditions of employment, day-to-day operations, compensation, payroll and overtime pay policies and practices, and payroll, time and employment records of plaintiff and those similarly situated.

21.     At all relevant times Pasricha & Patel, LLC, Pasricha and Patel have been, within the meaning of the FLSA, employers and joint employers of plaintiff and those similarly situated and, therefore, they are each jointly and severally liable for the violations of the FLSA.

22.     Plaintiff brings this claim as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of himself and other similarly situated employees, which shall include:

- 4 -

All persons who work or worked as paralegals for defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Class").

23. Defendants are liable under the FLSA for failing to pay plaintiff and all other similarly situated people for all overtime pay due for all time worked in excess of 40 hours in a workweek, and misclassifying plaintiff and all others similarly situated as exempt from the overtime wage requirements of the FLSA. There are fewer than ten similarly situated current and former paralegals of defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable and can be located through defendants' records that they are required to create and maintain under applicable federal and state law. Because defendants' payroll records are in the exclusive possession, custody and control of defendants, plaintiff and members of the FLSA Class are unable to state the number of unlawfully uncompensated hours each of them worked for defendants. Notice should be sent to the FSLA Class pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

24. Pasricha & Patel, LLC is a New Jersey law firm formed in 2006 with its principal office in Edison, New Jersey. The firm is a general practice law firm engaged in the following practice areas: employment litigation, commercial litigation, business law, immigration, family law, municipal practice, motor vehicle violations, personal injury, real estate and business transactions.

25. Defendants employ paralegals who perform services for the benefit of the attorneys in the firm. The paralegals at the firm, including plaintiff and those similarly situated,

- 5 -

perform the typical duties under attorney supervision that paralegals are known to perform such as discovery; review, maintenance and preparation of documents; maintenance, preparation and filing of forms and correspondence; and maintenance of legal and document files.

26. Although plaintiff and those similarly situated regularly worked more than 40 hours per week, they were not compensated at the FLSA mandated time-and-a-half rate for hours worked in excess of 40 in a week.

27. Plaintiff was and is a non-exempt employee pursuant to the FLSA. All paralegals employed by defendants are non-exempt employees pursuant to the FLSA. Federal regulations require that plaintiff and all paralegals employed by defendants be paid overtime pay under the FLSA. In this regard, U.S. Department of Labor regulation 29 C.F.R. § 541.301(d)(7) provides:

> Paralegals and legal assistants generally do not qualify as exempt learned professionals because an advanced specialized academic degree is not a standard prerequisite for entry into the field. Although many paralegals possess general four-year advanced degrees, most specialized paralegal programs are two-year associate degree programs from a community college or equivalent institution. However, the learned professional exemption is available for paralegals who possess advanced specialized degrees in other professional fields and apply advanced knowledge in that field in the performance of their duties. For example, if a law firm hires an engineer as a paralegal to provide expert advice on product liability cases or to assist on patent matters, that engineer would qualify for exemption.

28. Neither plaintiff nor any of the firm's paralegals employed to date possess advanced specialized degrees in other professional fields. None apply any such degrees to their duties.

29. Defendants paid and now pay plaintiff an annual salary for all hours worked. Defendants paid and now pay other paralegals an annual salary for all hours worked.

30.    Defendants' method of paying plaintiff and others similarly situated in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. In this regard, in addition to defendants being attorneys, this firm has itself represented employees who have alleged that their employer unlawfully failed to pay them overtime pay in violation of the FLSA.

31.    Because defendants did not pay plaintiff and other paralegals for all of their overtime hours, defendants did not provide them with all compensation owed to them.

32.    Defendants' unlawful conduct has been widespread, repeated and consistent and has caused significant damages to plaintiff and the FLSA Class.

33.    Pursuant to the FLSA, 29 U.S.C. § 260, plaintiff and other members of the FLSA Class are entitled to liquidated damages at 100%, i.e. double the amount of the unpaid overtime wages due them.

34.    Plaintiffs and others similarly situated, at all relevant times, regularly worked in excess of 40 hours per week and all hours that paralegals work, under or over 40 hours per week, are compensable hours within the meaning of the FLSA. The estimated overtime hours worked by plaintiff was about 440 hours in 2011, about 375 hours in 2012, about 75 hours in 2013 and about 60 hours to date in 2014. This record of unpaid overtime hours worked is typical of the record of unpaid overtime hours worked during the relevant period by members of the FLSA Class. Defendants failed to pay plaintiff all overtime pay due him and all overtime pay due to the FLSA Collective. The nature of the uncompensated activity is actual work performed by plaintiff and each member of the FLSA Class.

**FIRST CLAIM FOR RELIEF**
**Fair Labor Standards Act**
**Unpaid Overtime Pay**

- 7 -

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. At all relevant times, the plaintiff and the FLSA Class were employed by defendants within the meaning of the FLSA.

37. Pursuant to the FLSA, defendants were required to properly pay plaintiff and others similarly situated overtime wages for all hours worked in excess of 40 hours in a workweek.

38. Defendants failed to pay plaintiff and the FLSA Class overtime wages due of not less than one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek to which they were entitled pursuant to the FLSA, 29 U.S.C. § 207.

39. Defendants' violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice and/or policy.

40. As a result of defendants' violations of the FLSA, plaintiff and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, pre-judgment and post-judgment interest, and reasonable attorneys' fees, costs and expenses as authorized by the FLSA, 29 U.S.C. § 216(b).

41. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over 40 hours per workweek.

42. Class Members are similar to plaintiff in terms of their job duties, pay structure and denial of overtime pay.

43.     Defendants' failure to pay overtime compensation as required by the FLSA results from its generally applicable policies or practices and does not depend on the personal circumstances of Class Members.

44.     The experience of plaintiff with respect to denial of overtime pay is typical of the experiences of the Class Members.

45.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

46.     All paralegals employed by defendants, without regard to any discrete job function that any particular paralegal performs, are entitled to overtime compensation for hours worked in excess of 40 during a workweek.

47.     Although the exact amount of damages may vary among Class Members, the damages for each Class Member can be calculated easily by a simple formula based on records which are required to be in defendants' possession. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the defendants that caused harm to all Class Members.

48.     Defendants' unlawful conduct, as described above, was willful and in bad faith. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that plaintiff and the FLSA Class routinely worked in excess of 40 hours per week. Accordingly, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff and the FLSA Class pray for the following relief:

A.  An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Class;

B.  Designation of the named plaintiff as representative of the FLSA Class;

C.  Judgment for plaintiff and the FLSA Class for all statutory, compensatory, and liquidated damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

D.  An award to plaintiff and the FLSA Class for their reasonable attorneys' fees, costs and expenses as authorized by law;

E.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA; and,

F.  Any and all other relief as authorized by law which the Court deems appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

**LAW OFFICES OF MITCHELL SCHLEY, LLC**

By: /s/Mitchell Schley
Mitchell Schley
Two Tower Center Blvd., 24th Floor
East Brunswick, NJ 08816
Telephone: 732-325-0318
mschley@schleylaw.com

**Attorneys for Plaintiff**

Dated: July 14, 2014

## FLSA CONSENT FORM

I am a current or former employee of Pasricha & Patel, LLC. I believe I am entitled to additional wages for unpaid hours and/or overtime pay hours I worked for Pasricha & Patel, LLC and/or other related entities and individuals (collectively, the "Company") in excess of forty hours per week. I wish to be included as a party in the pay claims being asserted against the Company by current and former employees of the Company, and I hereby give consent to the Law Offices of Mitchell Schley, LLC, or such other representatives as it may associate with, to bring suit against the Company on my behalf under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and to represent me in such claims and settlement of such claims.

Signature

Date 7/14/14

Home Telephone 908-241-8356

Cell Phone 908-377-6759

Print Name Jason Barros

Address 811 Willis Pl

City, State, Zip Code Roselle Park, NJ 07204

Home E-Mail Address jason.barros1@gmail.com

Exhibit A